IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**JAMES MICHAEL HARKUM,**

    Petitioner,

v.

**UNITED STATES OF AMERICA,**

    Respondent.

Civil No.: 1:16CV123
Criminal No.: 1:03CR47-2
(JUDGE STAMP)

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On June 20, 2016, JAMES MICHAEL HARKUM ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 1:16CV123, ECF No. 1; Criminal Action No. 1:03CR47-2, ECF No. 365).[1] The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

### II.   FACTS

Petitioner was adjudged guilty of Count 1: conspiracy to rob banks & interfere with commerce by threats and violence, in violation of 18 U.S.C. §371; Count 2: aiding and abetting in attempted bank robbery in violation of 18 U.S.C. § 2113(a) and 18

---

[1] From this point forward, all ECF Numbers refer to Petitioner's Criminal Action, 1:03CR47-2.

1

U.S.C. §2; Count 3: aiding and abetting in armed bank robbery in violation of 18 U.S.C. 2113(a) & (d) and 18 U.S.C. § 2; Count 4: aiding and abetting in the possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2; Count 5: interference with commerce by threats and violence, in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2; and Count 6: aiding and abetting in the possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2. Judgment, ECF No. 159. On May 24, 2004, the Petitioner was sentenced to a term of 462 months total imprisonment for all counts followed by 5 years of supervised release total for all counts. Id.  The Petitioner filed an appeal of his conviction and sentence, which was affirmed by the Fourth Circuit Court of Appeals on August 30, 2005. ECF No. 184. The Fourth Circuit's unpublished per curiam opinion addressed issues regarding Petitioner's sentencing enhancements for Counts 2 and 3.  United States of America v. James Michael Harkum, 04-4407, at 5-8 (August 3, 2005). The Petitioner alleged that the district court erroneously enhanced his sentence based upon facts not found by the jury.  Id. Specifically, Petitioner alleges that the firearm enhancement applied to Count 2 and the bodily injury enhancement applied to Count 3 were based upon facts not submitted to the jury or admitted by him.  Id. The Fourth Circuit agreed.  Id.  However, the Fourth Circuit concluded that the application of these two enhancements did not violate Harkum's Sixth Amendment rights because the District Judge's sentence was still within the sentencing range as calculated without enhancements. Id.

In this Petitioner's First Motion to Vacate Under 28 U.S.C. § 2255, he alleges that pursuant to the decision in Johnson v. United States[1], the residual clause in 18 U.S.C. § 924(c)(3)(B) is no longer valid.[2] Accordingly, he contends that neither of his convictions for Count 1; conspiracy to rob banks and interfere with commerce by threats and violence[3] and Count 3 aiding and abetting in armed bank robbery qualify as crimes of violence. Mem., ECF No. 373-1 at 1. Therefore, Petitioner asks the court to vacate his convictions under Count 4: aiding and abetting in the possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2 and Count 6: aiding and abetting in the possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2 and re-sentence Petitioner with counsel present. ECF No. 373 at 13.

### III.    ANALYSIS

In Johnson, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA") for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Johnson v. United States, 135 S.Ct. 2551, 2555-57 (2015). The only portion of the ACCA that was invalidated was the residual clause defining "violent felony" as any crime punishable by more than one year in prison that "or otherwise involves conduct that presents a serious potential risk of physical injury to another;…." 18 U.S.C. § 924(e)(2)(B)(ii). The provision of the ACCA defining "serious

---

[1] Johnson v. United States, 135 S.Ct. 2551 (2015).

[2] The Johnson court found that the residual clause of the Armed Career Criminal Act was unconstitutional. Id. However, Petitioner is seeking to extend the Johnson holding to a similar statute, 18 U.S.C. § 924(c)(3)(B). The U.S. Supreme Court has not decided this issue, nor whether it would apply retroactively to collateral cases challenging federal sentences under similar residual clauses.

[3] Petitioner refers to Count 1 as the predicate offense; however, Count 5 is the predicate offense for Count 6 and Count 3 is the predicate offense for Count 4. Regardless, both crimes have elements that satisfy a "crime of violence."

drug offense" under 18 U.S.C. § 924(e)(2)(A) remains in full force and effect. Additionally, the provision of the ACCA defining "violent felony" as any crime punishable by more than one year in prison that: "(i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves explosive,…." remain in full force and effect as well. 18 U.S.C. § 924(e)2)(B). It is only a very narrow portion of the definition of "violent felony" that has been held unconstitutional.

Since <u>Johnson</u> was decided, many prisoners who were given enhanced sentences under 18 U.S.C. § 924(c)(3)(B) have challenged their sentences by arguing that the residual clause of 18 U.S.C. §924(c)(3)(B) is unconstitutionally vague.[4] The residual clause of 18 U.S.C. § 924(c)(3)(B) is similar to the residual clause in the ACCA that <u>Johnson</u> ruled unconstitutional. Like the ACCA, only a narrow portion of 18 U.S.C. § 924(c)(3)(B) defining "crime of violence" would be applicable if the U.S. Supreme Court holds that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutional as well.

Petitioner was convicted of Count 4: aiding and abetting in the possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2 and Count 6: aiding and abetting in the possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2. The statute provides in pertinent part that:

> (c)(1)(A) Except to the extent that a greater minimum
> sentence is otherwise provided by this subsection or by any
> other provision of law, any person who, during and in relation
> to any crime of violence or drug trafficking crime (including a

---
[4] As is noted in footnote 2 above, the U.S. Supreme Court has not decided whether <u>Johnson</u> applies retroactively to collateral cases challenging federal sentences under similar residual clauses.

4

> crime of violence or drug trafficking crime that provides for
> any enhanced punishment if committed by the use of a
> deadly or dangerous weapon or device) for which the person
> may be prosecuted in a court of the United States, uses or
> carries a firearm, or who, in furtherance of any such crime,
> possesses a firearm, shall, in addition to the punishment
> provided for such a crime of violence or drug trafficking
> crime—

18 U.S.C. § 924(c)(1)(A). With regard to Count 4, the Court sentenced Petitioner to a mandatory minimum of seven years in accordance with the following statutory provision:

> (ii) if the firearm is brandished, be sentenced to a term of
> imprisonment of not less than 7 years;…

18 U.S.C. § 924(c)(1)(A)(ii); see also, Sent. Tr., ECF No. 179 at 30. With regard to Count 6, the Court sentenced Petitioner to a mandatory minimum of 25 years in accordance with the following statutory provision:

> (C) In the case of a second or subsequent conviction under
> this subsection, the person shall—(i) be sentenced to a term
> of imprisonment of not less than 25 years;…

18 U.S.C. § 924(c)(1)(C)(i), see also, Sent. Tr., ECF No. 179 at 30. In turn, 18 U.S.C. § 924(c)(1)(A) relies on 18 U.S.C. § 924(c)(3)(A) & (B) for definitions of "crime of violence." At that time, the following definitions were provided:

> (3) For purposes of this subsection the term "crime of
> violence" means an offense that is a felony and –
> (A) has an element the use, attempted use, or threatened
> use of physical force against the person or property of
> another, or
> (B) that by its nature, involves a substantial risk that physical
> force against the person or property of another may be used
> in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)(B). The elements for Count 4 of the indictment were as follows:

> FIRST: That the defendant knowingly possessed a firearm;
> and SECOND: That the possession was in furtherance of
> the bank robbery of Huntington National Bank in Count
> Three.

Jury Instructions, ECF No. 133 at 24. The elements for Count 6 of the indictment were:

> FIRST: That the defendant knowingly possessed a firearm;
> and SECOND: That the possession was in furtherance of the
> robbery of the Giant Eagle store alleged in Count Five….

Jury Instructions, ECF No. 133 at 26. The second element of both of these counts provides that the possession had to be in furtherance of robberies, specifically bank robbery of Huntington National Bank and robbery of a Giant Eagle Store. The fourth element for Count 3, armed robbery is as follows: "FOURTH: That the taking was "by force and violence, or by intimidation." Id. at 23. The second element of Count 5, interference with commerce by threat and violence, is as follows: "SECOND: That the robbery was committed by means of wrongful use of threatened force, violence, or fear; …" Id. at 25. Clearly, Count 3, armed robbery and Count 5, interference with commerce by threat and violence have elements that satisfy "crime of violence" as defined under 18 U.S.C. § 924(c)(3)(A), not the residual clause in 18 U.S.C. § 924(c)(3)(B).

Although the Court acknowledges that some defendants sentenced under the residual clause of 18 U.S.C. § 924(c)(3)(B) may be entitled to relief if the holding in Johnson is extended to federal statutes using similar if not identical language,[5] the instant case does not require such analysis. The jury found Petitioner guilty of Counts 1, 2, 3, 4, 5 and 6. It is clear that Petitioner's convictions contained elements which qualify as a "crime of violence" as defined by 18 U.S.C. § 924(c)(3)(A) and NOT the residual clause under 18 U.S.C. § 924(c)(3)(B). Accordingly, Petitioner was not

---

[5] The U.S. Supreme Court has not made a decision as to whether the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutional.

adjudged based on the definition of "crime of violence" as set forth in the residual clause of 18 U.S.C. § 924(c)(3)(B), and his argument that Johnson renders his sentence void lacks merit.[6]

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 1:16CV123, ECF No. 1; Criminal Action No. 1:03CR47-2, ECF No. 365] be **DENIED** and **DISMISSED** because he was not sentenced under the residual clause of 18 U.S.C. § 924(c)(3)(B).

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable FREDERICK P. STAMP, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this

---

[6] Since Johnson does not apply and Petitioner's conviction became final more than a year ago, he also fails to satisfy the statute of limitations in 28 U.S.C. §2255(f)(3).

Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 7/22/2016

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE